IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Claude Gustinksi, | ) | Case No. 9:25-cv-00563-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| M.V. Joseph, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 21.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings.

On June 26, 2025, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 18.] On July 1, 2025, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 19.] On August 20, 2025, after Petitioner failed to respond to Respondent's motion the Magistrate Judge issued the Report recommending that this action be dismissed for failure to prosecute. [Doc. 21.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 4.] No party has filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As a result, Respondent's motion to dismiss or, in the alternative, for summary judgment [Doc. 18] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

October 1, 2025
Greenville, South Carolina

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; see Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A

certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to meet the legal standard for the issuance of a certificate of appealability, and such is therefore denied.